**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ALEX JAMES WHEELIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-CV-446-NAB |
| | ) | |
| OFFICER BALL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of self-represented plaintiff Alex James

Wheelis, an inmate at the Ste. Genevieve Detention Center, for leave to commence this civil action

without prepayment of the required filing fee. Upon consideration of the financial information

provided with the application, the Court finds that plaintiff is financially unable to pay any portion

of the filing fee. The motion will be granted, and the filing fee waived. *See* 28 U.S.C. § 1915(b)(1).

Furthermore, based upon a review of the complaint, the Court will stay this action pursuant to the

principles articulated by the Supreme Court in *Wallace v. Kato*, 549 U.S. 384 (2007).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma

pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To

state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief,

which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679

(2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

at 678. Determining whether a complaint states a plausible claim for relief is a context-specific

task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015).

## The Complaint

Plaintiff brings this civil action pursuant to 42 U.S.C. § 1983 alleging that the defendants, officers at the Franklin County Sheriff's Department, used excessive force upon him in violation of his Eighth Amendment rights. He names as defendants Officers Ball and Bishop and four John Doe defendants. He sues all defendants in their individual and official capacities.

Plaintiff states that on August 30, 2019, he was arrested by Franklin County deputies and taken to the Franklin County Sheriff's Department. Plaintiff states that while he was handcuffed, officers attempted to test his hands for gunshot residue. Officers demanded that plaintiff open his hands, and plaintiff refused. The officers retaliated against plaintiff by "taking him to the ground where other officers jumped on his back with their knees on his head and spine. That's when defendant Bishop came and maliciously started tasing plaintiff, despite the fact plaintiff was still

in handcuffs and obviously not a threat considering he was being forcefully pinned to the ground by defendants."

For relief, plaintiff seeks $25,000 in compensatory damages and $50,000 in punitive damages against each defendant.

**Discussion**

Liberally construed, plaintiff asserts police officers from the Franklin County Sheriff's Department violated his Fourth Amendment rights against illegal seizure and his right to be free of excessive force.  For the reasons stated below and those articulated by the Supreme Court in *Wallace v. Kato,* the Court will order this action stayed and administratively closed.

On January 29, 2020, plaintiff was charged in this Federal District Court with one count of being a felon in possession of a firearm.  *See United States v. Wheelis*, No. 4:20-CR-00073-HEA-DDN (filed Jan. 29, 2020).  Based on the indictment, this firearms charge relates to plaintiff's knowing possession of a firearm on August 30, 2019 in Franklin County.  *See id.* at ECF No. 2. This is the same arrest at issue in this civil action—the arrest during which plaintiff alleges defendants used excessive force to obtain evidence of gunshot residue.  Plaintiff's federal criminal proceedings are pending, and pretrial motions are due on September 2, 2020.  *Id.* at ECF No. 22.

The Court will stay this § 1983 case based on the principles established by the Supreme Court in *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007).  In *Wallace v. Kato*, the Supreme Court observed that it was common practice in § 1983 actions to stay the civil proceedings until the criminal case had ended.  *Id.*  The Court explained that where a plaintiff files a claim before he is convicted, and that claim is related to rulings that will likely be made in a pending or anticipated criminal trial, "it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended."  *Id.*

Otherwise, the court and the parties are left to "speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the impending civil action will impugn that verdict, all this at a time when it can hardly be known what evidence the prosecution has in its possession." *Id.* at 393 (internal citation omitted).

Plaintiff's § 1983 action is based on the same set of facts and circumstances giving rise to his federal criminal charges in *United States v. Wheelis*, No. 4:20-CR-00073-HEA-DDN. These claims relate to rulings that "will likely be made in a pending or anticipated criminal trial." *Wallace*, 549 U.S. at 393. In particular, plaintiff might file a motion to suppress any evidence of gunshot residue collected through the alleged illegal seizure and the alleged excessive use of force. As such, the principles of *Wallace v. Kato* dictate that further consideration of plaintiff's § 1983 claims should be stayed until the underlying criminal matters against plaintiff has been resolved through criminal proceedings. *See, e.g., Vonneedo v. Dennis*, No. 1:17-CV-183 NAB, 2017 WL 5904005, at *2 (E.D. Mo. Nov. 30, 2017) (staying § 1983 case alleging unconstitutional search and seizure under principles articulated in *Wallace v. Kato*); *Anderson v. Robinson*, No. 4:12-CV-967 CAS, 2013 WL 4502598, at *1 (E.D. Mo. Aug. 22, 2013) (same).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepaying fees or costs is **GRANTED** and plaintiff's filing fee is waived. [ECF No. 2]

**IT IS FURTHER ORDERED** that all proceedings in this case are **STAYED** pending final disposition of the federal criminal charges pending against plaintiff in *United States v. Wheelis*, No. 4:20-CR-00073-HEA-DDN.

**IT IS FURTHER ORDERED** that plaintiff shall notify this Court in writing concerning the final disposition of the federal criminal charges pending against him in *United States v.*

*Wheelis*, No. 4:20-CR-00073-HEA-DDN, within thirty (30) days after final disposition of the charges.

**IT IS FURTHER ORDERED** that this case is **ADMINISTRATIVELY CLOSED** pending final disposition of the federal criminal charges against plaintiff, and may be reopened by plaintiff's filing of a motion to reopen the case after such final disposition.

Dated this 30th day of July, 2020.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE